Brian J Robb
412 S Naperville Rd. Apt B
Wheaton, IL 60187
brian.robb66@gmail.com
630-854-0056

January 15, 2025

The Honorable Judge David D. Cleary
United States Bankruptcy Court
Northern District of Illinois Eastern Division
Everett McKinley Dirksen United States Courthouse
219 S Dearborn St
Chicago, IL 60604

F I L E D

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**1/15/2025**

**JEFFREY P. ALLSTEADT, CLERK**

Re: **Objection to Chapter 15 Bankruptcy Proceedings – Unpaid PTO and Severance**
Case No: 24-18898

Dear Honorable Judge David D. Cleary,

I hope this letter finds you well. I am writing to formally object to the Chapter 15 bankruptcy proceedings filed by The Lion Electric Company in Case No. 24-18898, due to the company's failure to pay earned wages (paid time off & severance) to its laid-off employees, including myself. This unpaid compensation has been a critical issue my livelihood for well over a month and needs to be addressed as part of the bankruptcy resolution process.

## Background:

I was employed by Lion Electric from June 20, 2022 to December 1, 2024, at which time I was laid off as part of the company's workforce reduction. The termination date given occurred prior to the Chapter 15 filing which occurred on December 18, 2024. In accordance with company policy and my employment agreement, I was entitled to receive severance compensation as well as compensation for accrued wages upon termination of my employment. To date, neither my severance payment nor my PTO payout has been received.

Despite several attempts to resolve this matter directly with the company and all relevant parties, I have not received any acknowledgment of my claim or any indication that these owed amounts will be paid. As a result, I am concerned that these obligations will be overlooked or improperly prioritized in the context of the Chapter 15 bankruptcy proceedings.

## Legal Basis for Objection:

Under both federal law and the terms of my employment, unpaid severance and PTO qualify as priority claims, specifically as wages or compensation owed to employees. As these claims fall under Section 507(a)(4) of the Bankruptcy Code, which prioritizes wage claims up to a certain

amount, I believe that my owed PTO and severance should be recognized as a priority obligation in the bankruptcy process.

Additionally, under the Fair Labor Standards Act (FLSA), Illinois Worker Adjustment and Retraining Notification Act (WARN), and additional relevant state laws, PTO earned through regular employment is considered wages, and any severance agreement or contractual obligation is a debt the company owes to former employees. Failure to address these claims could result in unfair treatment of employees who are entitled to compensation for their work and accrued benefits.

**Immediate Request for Relief:**

Given the above, I respectfully request that the Court:

1. Ensure that all of my owed PTO and severance payments are included as part of the company's list of priority claims in the Chapter 15 bankruptcy proceedings.
2. Direct the debtor, The Lion Electric Company, to immediately provide full payment of the severance and PTO amounts owed to me.

This matter is of great importance to myself. As a former employee, I am not only owed significant funds for my work but also continue to be impacted financially by the failure to receive these rightful payments. I trust the Court will take all appropriate action to ensure the rights of employees are adequately protected in this bankruptcy case.

I would appreciate confirmation that my objection has been received and that steps will be taken to address this matter in the context of the proceedings.

Thank you for your attention to this serious issue. I am available for any further information or clarification that may be required.

Sincerely,

Brian J Robb
Government Relations Director
The Lion Electric Company