**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>The Lion Electric Company, *et al.*,<br><br>Debtors in a Foreign Proceeding.[1] | Chapter 15<br><br>Case No. 24-18898<br><br>Judge David D. Cleary<br><br>(Will County)<br><br>Re: Dkt. No. 70 |

**UNITED STATES OF AMERICA'S LIMITED OBJECTION TO FOREIGN REPRESENTATIVE'S MOTION FOR RECOGNITION OF CANADIAN REVERSE VESTING SALE TRANSACTION AND FOR RELATED RELIEF**

The United States of America, on behalf of the United States Environmental Protection Agency (the "EPA"), files this limited objection to the Motion for Entry of an Order (I) Recognizing and Enforcing Canadian Reverse Vesting Order; (II) Approving Sale Free and Clear of Liens, Claims and Encumbrances; (III) Recognizing the Canadian Proceedings as to Each of the Excluded Cos. as Foreign Main Proceedings; (IV) Closing the Chapter 15 Cases of Certain Debtors; and (V) Granting Related Relief (the "RVO Recognition Motion") filed by The Lion Electric Company, as the current foreign representative and Deloitte Restructuring Inc. as the new foreign representative (collectively, the "Foreign Representative"). In support of this limited objection, the United States respectfully states as follows:

---

[1] The Debtors in these chapter 15 proceedings, together with the last four digits of their business number or employment identification number, as applicable, are: The Lion Electric Company (6310); Lion Electric Finance Canada Inc. (8102) ("Lion Finance Canada"); Lion Electric Vehicles Finance Canada Inc. (7415) ("Lion Vehicle Finance Canada"); Lion Electric Holding USA Inc. (0699) ("Lion Holding USA"); Northern Genesis Acquisition Corp. (7939) ("Northern Genesis"); The Lion Electric Co. USA Inc. (9919) ("Lion Electric USA"); Lion Electric Manufacturing USA, Inc. (0766) ("Lion Manufacturing USA"); and Lion Electric Finance USA, Inc. (4755) ("Lion Finance USA"). The location of the Debtors' headquarters and the Debtors' foreign representative is: 921 chemin de la Rivière-du-Nord, Saint-Jérôme, Québec, Canada J7Y 5G2.

1

## BACKGROUND

1. On December 18, 2024, the Debtors initiated a proceeding in Quebec, Canada under the Companies' Creditors Arrangement Act (the "CCAA"). The Debtors also filed petitions for Chapter 15 on the same day (the "Petition Date").

2. After a lengthy sale and investment marketing period, the Debtors sought approval of a reverse vesting sale transaction in the CCAA proceedings. The Debtors filed the motion and relevant documents at 8:21pm ET—only twelve hours before the 9:30 am ET May 16, 2025 hearing to approve the transaction. With such limited time, EPA identifying its concerns with the RVO sale transaction and attempt to address same with the Debtors was difficult. EPA previewed its concerns that the RVO sale transaction impaired the United States' police and regulatory powers. The Debtors responded that they did not view the transaction as impairing any such enforcement powers, but did not agree to insert language that would clarify that the RVO did not impair the enforcement of police and regulatory powers.

3. On May 22, 2025, after a few continuances, the Canadian court approved the RVO transaction. On May 29, 2025, the Debtors filed the RVO Recognition Motion. The RVO Recognition Motion included a proposed order (the "RVO Recognition Order").

4. Before the Petition Date, certain Debtors participated in the EPA's Clean School Bus Program, obtaining grants and rebates from the EPA. The Clean School Bus Program ("CSBP"), codified at 42 U.S.C. § 16091 (as amended by Consolidated Appropriations Act, 2023, H.R. Res. 2617, 117th Cong. § 405 (2022)), awards grants and rebates on a project year basis to eligible recipients to replace their existing school buses with either clean school buses or zero-emission school buses. Through the CSBP, the EPA awards eligible recipients up to 100

percent of the costs to replace qualifying existing school buses with clean school buses or zero-emission school buses.  The awards can also cover charging or fueling infrastructure.

5. To date, Lion Electric USA has received approximately $110,653,923 in direct and indirect funding through its participation in the CSBP's 2022 rebate competition and $34,140,491 through its participation in the 2023 grant competition.  EPA disbursed approximately $82,247,174 in rebates directly to Lion Electric USA and another approximately $28,406,749 indirectly for Lion Electric USA's benefit for school districts purchasing clean school buses from Lion Electric USA.  Additionally, EPA has received rebate applications for the 2023 program year that contemplate direct to Lion Electric USA or indirect funding for Lion Electric USA's benefit totaling approximately $53,955,000.

6. Importantly, despite being termed a "rebate" under the applicable CSPB rebate program guides, EPA disbursed funds to Lion Electric USA based on online Payment Request Forms ("PRFs") typically submitted by *before* Lion Electric USA produced or delivered the clean school buses to the applicable school districts.[2]  In many cases, due to lack of reporting, EPA has been unable to verify that Lion Electric USA has produced or delivered the replacement school buses identified in the PRFs.  Accordingly, Lion Electric USA may have directly or indirectly received rebate funds from EPA to which it was not or is not entitled.

7. Like any agency, the EPA must administer and protect its federal programs and may enforce its police and regulatory powers with respect to the CSBP.[3]

---

[2] 2022 Clean School Bus (CSB) Rebates Program Guide, EPA-420-B-22-025, May 2022; 2023 Clean School Bus Rebates Program Guide, EPA-420-B-24-034, May 2024 Update

[3] Some examples include injunctions, constructive trusts and debarment from future participation in federal programs.

## ARGUMENT

8. Several provisions of the proposed RVO Recognition Order seemingly improperly enjoin or otherwise encroach upon the United States' police and regulatory enforcement powers. Relying on sections 1507, 1521, 1525 and 1527 of the Bankruptcy Code, the proposed RVO Recognition Order intends to enjoin all "entities"[4] from a variety of actions without acknowledging that certain actions may be excepted from or outside the scope of the automatic stay, including the enforcement or police and regulatory powers, *see* 11 U.S.C. § 362(b)(4), or otherwise beyond the reach of section 363(f). *See* RVO Rec. Order, ¶¶ 8. Similarly, the proposed RVO Recognition Order states "no holder of a lien, claim, encumbrance, or other interest shall interfere, and each and every holder of a[n] . . . interest is enjoined and forever barred from . . . pursuing, asserting, or enforcing such . . . interest against . . . any Retained Assets, the Purchaser, or the Lion Entities, or any of their respective affiliates, successors, or assigns, . . . [and] [a]ll Persons holding a[n] . . . interest . . . are forever barred and enjoined from asserting such . . . interest . . . against the Subscribed Shares and any Retained Assets, the Purchaser or the Lion Entities, or any of their respective affiliates, officers, directors, employees, managers, partners, members, financial advisors, attorneys, agents, and representatives, and their respective affiliates, successors, and assigns." *See* RVO Rec. Order, ¶¶ 10. The proposed RVO Recognition Order further provides that the Court will "direct" governmental units to take certain action, RVO Rec. Order, ¶¶ 11, and shall have the RVO

---

[4] Per section 101(15) of the Bankruptcy Code, "[t]he term entity includes person, estate, trust, governmental unit, and United States trustee." 11 U.S.C. § 101(15).

Recognition Order "govern the acts of . . . administrative agencies, governmental departments, secretaries of state, federal and local officials." *See* RVO Rec. Order, ¶¶ 12(b).

9. Nothing in sections 1507, 1521, 1525 or 1527 authorize a foreign representative to impair a sovereign's police and regulatory powers. The RVO Recognition Order attempts to enjoin and provide other relief without thought of the United States needing to perform its police and regulatory functions or take actions excepted from, or outside the scope of, free and clear sales or the automatic stay in a typical United States bankruptcy proceeding.

10. These provisions violate section 1521(d) of the Bankruptcy Code. Section 1521(d) explicitly instructs that this Court cannot "enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding." 11 U.S.C. § 1521(d). Section 1507 is "subject to the specific limitations stated elsewhere in [Chapter 15]," and so whatever relief section 1507 may offer is limited by section 1521(d). Similarly, section 363(f) authorizes a sale "free and clear" of interests in a debtor's property only if it satisfies one of the section's five subparts. Here, police and regulatory powers are not even "interests in property," such that section 363(f) could apply; additionally, no subpart of section 363(f)(1) – (5) allows a sale free and clear of police and regulatory enforcement powers. Such enforcement powers are not monetary claims. Monetary claims are prerequisite for a successful application of section 363(f). *See In re Trans World Airlines, Inc.* 322 F.3d 283 (3d Cir. 2003); *Gouveia v. Tazbir*, 37 F.3d 295, 300 (7th Cir. 1994) (coupling of injunction's equitable provisions with a legal right for damages did not mean an injunctive land covenant could be reduced to money and thus could not

5

be stripped away pursuant to section 363(f)(5)). Also, section 362(b) explicitly permits the United States to commence or continue an action to enforce its "police and regulatory power."

11.    Additionally, section 1522 permits the "the court [to] grant relief under section 1519 or 1521 . . . only if the interest of the creditors and other interested entities . . . are sufficiently protected." 11 U.S.C. § 1522(a). In making that determination, courts balance the respective interests of creditors and interested entities against those of the debtor's estate based on the relative harms and benefits. *Jaffe v. Samsung Elecs. Co.* 737 F.3d 14, 36 (4th Cir. 2013) (court affirmed bankruptcy court's ruling against foreign representative by applying section 365(n) to protect the interests of U.S. patent licensees); *see also In re Vitro S.A.B. de C.V.*, 701 F.3d 1031, 1060 (5th Cir. 2012). To protect the United States' interests, the court must preserve the United States' ability to enforce police and regulatory actions. Indeed, the Foreign Representative presents no evidence as to why the United States' police and regulatory powers must be impaired to benefit the Debtors' estate. Thus, the balance of harms and benefits tips in favor of the United States.[5]

12.    Finally, the proposed RVO Recognition Order seeks the injunctions described above in favor of third parties. If the Debtors have no right to enjoin the United States'

---

[5] The RVO Recognition Order's impairment of police and regulatory enforcement also violates 11 U.S.C. § 1506. Courts invoke this section in two circumstances: (1) when the foreign proceeding was procedurally unfair, and (2) when the application of foreign law would "severely impinge the value and import of a U.S. statutory or constitutional right, such that granting comity would severely hinder United States bankruptcy courts' abilities to carry out . . . the most fundamental policies and purposes of these rights." *In re Qimonda AG Bankr. Litig.* 433 B.R. 547, 568-69 (E.D. Va. 2010) (internal quotation marks omitted). Here, with only twelve hours to review the RVO transaction documents before the presentment, the CCAA was procedurally unfair to the United States. Additionally, the United States' ability to enforce its police and regulatory powers is critical to any U.S. statute and the Constitution, and the RVO Recognition Order's impairment of such rights is manifestly contrary to U.S. public policy.

enforcement of police and regulatory powers, then certainly third parties have no such authority. Nothing in sections 1501 *et seq.* provide any injunctive or discharge relief to third parties.

### Reservation of Rights

13. As noted, the United States does not *per se* oppose recognition of the Canadian RVO transaction. To that end, the United States proposed revisions to the proposed RVO Recognition Order to the Foreign Representative. If the United States' proposed changes are accepted and the proposed RVO Recognition Order, as revised, is otherwise acceptable to the United States, the United States is prepared to withdraw this limited objection.

14. The United States understands that the Foreign Representative may need to further revise the proposed RVO Recognition Order in response to potential comments received from other parties and reserves all rights, claims, defenses, and objections with respect to such further revisions.

15. Finally, the United States reserves in full rights, claims, defenses, and objections that it may have as a party in interest in the Canadian Proceeding.

WHEREFORE, for all the foregoing reasons, the United States respectfully requests that the Court deny the RVO Recognition Motion unless the RVO Recognition Order is reformed and modified as requested herein.

[remainder of page intentionally blank]

Dated: June 20, 2025                    Respectfully submitted,

                                        BRETT A. SHUMATE
                                        Acting Assistant Attorney General
                                        Civil Division

                                        /s/ Leah V. Lerman
                                        KIRK T. MANHARDT
                                        RODNEY A. MORRIS
                                        LEAH V. LERMAN
                                        United States Department of Justice
                                        Civil Division
                                        1100 L Street, NW
                                        Washington, DC 20005
                                        Tel: (202) 307-0452
                                        Fax: (202) 514-9163
                                        E-mail: leah.v.lerman@usdoj.gov

                                        *Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I certify that on June 20, 2025, a true and correct copy of the foregoing was served on each entity shown on the attached list and by the method shown.

/s/ Leah V. Lerman
LEAH V. LERMAN

| Category | Counterparty Name and Address | Email | Method of Service |
|---|---|---|---|
| Debtors | The Lion Electric Company, et. al.<br>Attn: Dominique Perron<br>921 chemin de la Rivière-du-Nord<br>Saint-Jérôme, Québec<br>Canada J7Y 5G2 | Dominique.Perron@thelionelectric.com | Email |
| | Stikeman Elliott S.E.N.C.R.L., S.R.L.<br>Attn: Guy Martel, Danny Duy Vu, Nathalie Nouvet, and Darien Bahry<br>1155 René-Lévesque W. Suite 4100<br>Montreal (Quebec) H3B 3V2 | gmartel@stikeman.com<br>ddvu@stikeman.com<br>nnouvet@stikeman.com<br>dbahry@stikeman.com | Email |
| Persons Authorized to Administer Foreign Proceeding | Deloitte Restructuring Inc.<br>Attn: Jean-Francois Boucher<br>8 Adelaide St. West, Suite 200<br>Toronto, ON M5H 0A9 | jeaboucher@deloitte.ca | Email |
| Debtors | Troutman Pepper Locke LLP<br>111 S Wacker Drive, Suite 4100<br>Chicago, IL 60606 | jon.aberman@troutman.com<br>michael.kind@troutman.com | CM/ECF |
| Debtors | Troutman Pepper Locke LLP<br>Hercules Plaza<br>1313 N. Market Street, Suite 1000<br>Wilmington, DE 19801 | kenneth.listwak@troutman.com<br>tori.remington@troutman.com | CM/ECF |
| U.S. Trustee | Adam Brief<br>Acting United States Trustee (Region 11)<br>219 S. Dearborn Street, Suite 873<br>Chicago, IL 60604 | Ustpregion11.es.ecf@usdoj.gov | CM/ECF |
| Dana Limited | Dana Limited<br>c/o Nicholas Steven Monico<br>Hunton Andrews Kurth LLP<br>Riverfront Plaza, East Tower<br>951 E. Byrd St.<br>Richmond, VA 23219 | nmonico@HuntonAK.com | CM/ECF |
| Illinois Department of Labor | Office of the Illinois Attorney General<br>C/O John P. Reding<br>115 South LaSalle Street<br>Chicago, IL 60601 | john.reding@ilag.gov | CM/ECF |
| Tennessee Department of Revenue | TN Dept of Revenue<br>c/oTN Attorney General's Office, Bankruptcy Division<br>PO Box 20207<br>Nashville, Tennessee 37202-0207 | stuart.wilson-patton@ag.tn.gov | CM/ECF |
| National Bnak of Canada | CHAPMAN AND CUTLER LLP<br>320 S Canal Street<br>Chicago, Illinois 60606 | stetro@chapman.com | CM/ECF |